**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF GEORGIA**

**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **EVERETT L. ROBERTS and** | : | |
| **KATHLEEN ROBERTS,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | **7:05-CV-60 (HL)** |
| | : | |
| **PILOT TRAVEL CENTERS, LLC** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

# ORDER

## I.   PRELIMINARY STATEMENT

This Court conducts an initial review of each case. Each case's initial review ensures that a proper jurisdictional basis exists. Proper jurisdiction is important because federal courts have only limited jurisdiction. Exxon Corp. v. Allapattah Servs., Inc., --- S. Ct. ----, NO. 04-70, 04-79, 2005 WL 1469477, at *5 (U.S. Jun 23, 2005). Specifically, they possess only that power authorized by the United States Constitution and by federal statutes. Id. (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981)[1] (citing Fed. R. Civ. P. 12(h)(3); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)). It is the

_____

[1]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

Court's initiative that has generated this review.

## II.   FACTS

On June 17, 2005, Plaintiffs filed a case in this Court, and in their complaint alleged that subject matter jurisdiction was based solely on diversity of citizenship. Regarding citizenship, Plaintiffs, natural persons, asserted that they are citizens of the State of Georgia.  Plaintiffs also stated that Defendant, which Plaintiffs described as a "limited liability company," was organized under the laws of the State of Delaware and that its principal place of business is in the State of Tennessee.

## III.   ANALYSIS

Original jurisdiction may be based on a federal question or on diversity of citizenship. 28 U.S.C.A. § 1331 (West 1993); 28 U.S.C.A. § 1332 (West 1993 & Supp. 2004).  Jurisdiction in this case is premised on diversity of citizenship.  A federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C.A. § 1332(a)(1).  Generally, it is the plaintiff's burden to allege, with sufficient particularity, facts creating jurisdiction.  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).  This Order focuses on the citizenship and amount in controversy requirements of diversity jurisdiction.

A party must plead citizenship distinctly and affirmatively.  Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992).  Regarding natural persons, there is no statutory definition of what constitutes a "citizen" for diversity purposes.  15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2004) [hereinafter "Moore's"](citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)).  Federal courts interpret

citizenship under § 1332 as requiring a natural person to be a United States citizen and to be domiciled in a state. See, e.g., Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state. 15 Moore's, § 102.30.

A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. See 28 U.S.C.A. § 1332(c)(1); Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). However, for diversity purposes, a corporation is analyzed differently than a limited liability company. The Eleventh Circuit has held that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that to sufficiently allege the citizenships of a limited liability company, a party must list the citizenships of all the members of the limited liability company, and when a party fails to do so, it fails to carry its burden of establishing diversity of citizenship). Further, "complete diversity" must exist for the court to retain jurisdiction, that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, while Plaintiffs' allegations regarding their citizenships are minimally sufficient, their allegations regarding Defendant's citizenships are not. Plaintiffs discuss Defendant's citizenships as if Defendant were a corporation. Yet, Plaintiffs assert that Defendant is a limited liability company. If Defendant is a limited liability company, Plaintiffs must list the citizenships of all the members of the limited liability company, as is instructed under the Rolling Greens decision. Consequently, Plaintiffs'

-3-

complaint improperly invokes the jurisdiction of this Court because it fails to foreclose the possibility that complete diversity might not exist.   Therefore, Plaintiffs' jurisdictional allegation of citizenship is deficient.  To correct the deficient allegation of citizenship, Plaintiffs shall amend their complaint, if at all, no later than twenty (20) days after this Order is entered on the docket.  If Plaintiffs fail to file the amendment by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

## IV.   CONCLUSION

To correct a deficient allegation of citizenship, Plaintiffs shall amend their complaint (Doc. 1), if at all, no later than twenty (20) days after this Order is entered on the docket.  If Plaintiffs fail to file the amendment by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

SO ORDERED, this the 30th day of June, 2005.


_____/s/ Hugh Lawson_____
**HUGH LAWSON, Judge**

jmb