IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| EVERETT L. ROBERTS and : | |
| KATHLEEN ROBERTS, : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action No. |
| v. : | 7:05-CV-60 (HL) |
| : | |
| PILOT TRAVEL CENTERS, LLC : | |
| : | |
| : | |
| Defendant. : | |

# ORDER

On June 17, 2005, Plaintiffs filed a case in this Court. In their complaint Plaintiffs alleged that subject matter jurisdiction was based solely on diversity of citizenship. Regarding citizenship, Plaintiffs, natural persons, asserted that they are citizens of the State of Georgia. Plaintiffs also stated that Defendant, which Plaintiffs described as a limited liability company, was organized under the laws of the State of Delaware and that its principal place of business is in the State of Tennessee.

In conducting a jurisdictional review of the case, the Court stated the following:

> Here, while Plaintiffs' allegations regarding their citizenships are minimally sufficient, their allegations regarding Defendant's citizenships are not. Plaintiffs discuss Defendant's citizenships as if Defendant were a corporation. Yet, Plaintiffs assert that Defendant is a limited liability company. If Defendant is a limited liability company, Plaintiffs must list the citizenships of all the members of the limited liability company, as is instructed under the Rolling Greens decision. Consequently, Plaintiffs' complaint improperly invokes the jurisdiction of this Court because it fails to foreclose the possibility that complete diversity might not exist. Therefore, Plaintiffs' jurisdictional allegation of citizenship is deficient. To correct the deficient allegation of citizenship, Plaintiffs

> shall amend their complaint, if at all, no later than twenty (20) days after this Order is entered on the docket. If Plaintiffs fail to file the amendment by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

(Ord. at 3-4; Doc. 3.)

On July 13, 2005, Plaintiff filed an amended complaint that was supposed to cure the deficient jurisdictional allegation. The amended complaint, however, appears to suffer from the same infirmity as the original complaint. In identifying the citizenships of each member of the Defendant LLC, Plaintiffs' amended complaint states, "Defendant Pilot Travel Centers, LLC is comprised of two members: Pilot Corporation, a Tennessee corporation with its principal place of business in Tennessee, and Marathon Ashland Petroleum, LLC, a company organized under the laws of the State of Delaware with its principal place of business in Ohio." (Plfs'. Amend. Compl. at 1.) The identification of the first member, Pilot Corporation, is proper, as it sets forth the State of incorporation and the one principal place of business.

However, the identification of the second member, Marathon Ashland Petroleum, LLC, ("Marathon") is improper for the same reasons that were set forth in the Court's June 30, 2005, Order. Plaintiff identified Marathon as a "LLC" and a "company." The Court understands these designations to mean that Marathon is a limited liability company. As explained in the June 30, 2005, Order, the Eleventh Circuit has held that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that to sufficiently allege the citizenships of a limited liability company, a party must list the citizenships of all the members of the limited liability company, and when a party fails to do so, it fails to carry its burden of establishing diversity of citizenship).

Thus, if Marathon is a limited liability company, Plaintiffs' allegation of Marathon's State of incorporation and one principal place of business tells the Court nothing of Marathon's citizenships. This is because it does not reflect the citizenships of Marathons's members. Consequently, if the Court does not know the citizenships of Marathons's members – which derivatively are also Defendant's citizenships because Marathon is a member of Defendant's LLC – then Plaintiffs have, once again, failed to properly invoke the jurisdiction of this Court. In other words, Plaintiffs have failed to identify the citizenships of the members of the Defendant LLC.

Therefore, Plaintiffs shall amend their complaint no later than ten (10) days after this Order is entered on the docket. If Plaintiffs fail to amend their complaint by the deadline set forth above, this case shall be dismissed for want of jurisdiction.

**SO ORDERED**, this the 14th day of July, 2005.

        /s/ Hugh Lawson
        **HUGH LAWSON, Judge**

jmb