# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

EVERETT L. ROBERTS and             :

KATHLEEN ROBERTS,              :

                                     :

    Plaintiffs,                     :

                                     :

    v.                            :     Civil Action No. 7:05-cv-60 (HL)

                                     :

PILOT TRAVEL CENTERS, LLC,     :

                                   :

    Defendant.                    :

_____

## ORDER

Before this Court are a Motion to Intervene (Doc. # 15) and an Amended Motion to

Intervene (Doc. # 22), filed by ALM Carriers and Midwestern Insurance Alliance as Third

Party Administrator for Clarendon National Insurance ("Movants").  For the reasons set forth

below, the Amended Motion to Intervene (Doc. # 22) is granted, and the Motion to Intervene

(Doc. # 15) is denied as moot.

## I.    FACTS AND PROCEDURAL HISTORY

On October 28, 2005, Movants filed a Motion to Intervene seeking indemnification

from Pilot Travel for all amounts paid by Movants to Everett Roberts under the Louisiana

Worker's Compensation Law.[1]  In conducting a jurisdictional review of the case, the Court

noted that Movants had failed to disclose their corporate citizenship and demanded they do

---

[1] The alleged injury occurred in La Place, Louisiana.  (Doc. # 6 at ¶ 5.)

so.  (Doc. #19.)  On December 9, 2005, Movants filed an Amended Complaint that identifies

their corporate citizenship: ALM Carriers is a Kentucky corporation with its principal place

of business in Kentucky (Movants' Am. Compl. ¶ 3); Midwestern Insurance Alliance, Inc.

is a Kentucky corporation with its principal place of business in Kentucky (id. at ¶ 4); and

Clarendon National Insurance Company is a Maryland corporation with its principal place

of business in New York (id. at ¶ 5).   Furthermore, Movants have pled the matter in

controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.  (Id. at

¶ 6.)   Therefore, because complete diversity exists between the proposed intervenors and

Defendant,[2] and because the amount in controversy requirement has been satisfactorily pled,

jurisdiction is proper under 28 U.S.C.A. § 1332.  Having resolved this threshold matter, the

Court will now examine the right of an employer to intervene under Louisiana state law and

the propriety of Movants' motion.

## II.     ANALYSIS

Movants contend they are entitled to intervene as a matter of right under Federal Rule

of Civil Procedure 24(a)(2) and by virtue of the statutory grant of authority to intervene set

forth under Louisiana law.  In the alternative, Movants argue that if this Court determines

---

[2] Although Movants' Amended Complaint fails to identify the citizenships of each member of the Defendant LLC (Movants' Am. Compl. ¶ 2), Plaintiffs have already done so in their Second Amended Complaint (Doc. # 6 at ¶ 2).  As a result, the Court is able to satisfy its jurisdictional inquiry without requiring an additional amended complaint from Movants.  In addition, Movants properly note complete diversity exists between themselves and both Plaintiffs and Defendant (Movants' Am. Compl. ¶ 6).  Therefore, although the Court considers Movants as intervenor-plaintiffs for jurisdictional purposes, jurisdiction would be proper under 28 U.S.C.A. § 1332 even were Movants labeled intervenor-defendants.

they may not intervene as a matter of right, they should still be allowed to intervene under

Federal Rule of Civil Procedure 24(b)(2), which provides for permissive intervention.  None

of the current parties to this litigation filed a Response to Movants' Motion to Intervene.

However, rather than simply granting Movants' motion without full consideration, the Court

will examine their contentions.

Federal Rule of Civil Procedure 24(a)(2) provides intervention by right when either

(1) a statute of the United States confers an unconditional right to intervene, or (2) the

applicant claims an interest relating to the property or transaction which is the subject of the

action and the applicant is so situated that the disposition of the action may as a practical

matter impair or impede the applicant's ability to protect that interest, unless the applicant's

interest is adequately represented by existing parties.  No statute of the United States

addresses an employer's right to intervene in a worker's compensation case.  Therefore, this

Court must consider whether Movants claim a property interest that may be at risk.

Examining the right of an employer to intervene under Louisiana state law, and the

consequences of an employer's failure or inability to do so, one court explained:

> In summary, both the employee and the employer have a cause of action
> against the tortfeasor and, if the employee does not sue the tortfeasor, the
> employer may do so.  If the employee files suit, the employer is given the right
> to intervene.   Any judgment against the tortfeasor must reimburse the
> employer in preference to the claim of the employee.  If the employer fails to
> intervene, he is precluded from filing his own action against the tortfeasor.  If
> the employee fails to give the employer notice of the employee's suit against
> the tortfeasor, or if the employee and tortfeasor settle without the consent of
> the employer, the employee forfeits his right to future benefits.   If the
> employer intervenes, and if the tortfeasor fails to obtain the employer's
> consent to a compromise and the employee fails to reimburse the employer, the

3

tortfeasor is obligated to reimburse the employer.  The advantage to the employer of intervening is apparent: *Only by intervening in the employee's lawsuit will the employer's right to reimbursement of benefits already paid be preserved and protected.*

Dushane v. Gallagher Kaiser Corp., No. Civ.A. 05-0171, 2005 WL 1959151, at *2 (W.D. La. Aug. 10, 2005) (examining La. R.S. 23:1101-03).

Under Louisiana state law, Movants' right to reimbursement will be forever lost unless they are allowed to intervene.  Therefore, Movants claim an interest relating to the subject matter of the action and are so situated that disposition of the action might impair or impede their ability to protect their interest.  Furthermore, there has been no suggestion by any party that Movants' right to reimbursement will be adequately represented by existing parties.  Thus, Movants appear to be intervenors of right.  See, e.g., Dushane, 2005 WL 1959151, at *3; Smith Petroleum Serv. v. Monsanto Chem., 420 F.2d 1103, 1114 (5th Cir. 1970) ("It has been held that where the state workmen's compensation law permits subrogation of a compensation carrier, the carrier is entitled to intervene as a matter of right.").[3]

III.    Conclusion

Movants' Amended Motion to Intervene (Doc. # 22) is granted; their Motion to Intervene (Doc. # 15) is denied as moot.  Movants are ordered to refile their Amended Complaint, currently attached as an exhibit to their Amended Motion to Intervene, as a

---

[3] Having reached the conclusion that Movants are intervenors of right, there is no need for the Court to consider whether permissive intervention is appropriate.

separate document with the Court within ten (10) days after this Order is entered on the

docket.[4]  Movants' Amended Complaint shall be deemed to have been filed as of the date of

its separate reentry on the docket.  Neither the original Plaintiffs, nor Defendant, need file

any answer to the Movants' Amended Complaint.  Let judgment be entered accordingly.

SO ORDERED, this the 14th day of December, 2005.


**/s/ Hugh Lawson**
**HUGH LAWSON, JUDGE**

pdl

---

[4] Although Movants requested the Court simply adopt their Complaint without requiring it be refiled, this refiling is necessary to satisfy the requirements of the Official Court Electronic Document Filing System (CM/ECF) used in the United States District Court of the Middle District of Georgia.